IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br>v.</br></br>JESSICA CLEMENCIO MORALES,</br></br>and</br></br>NYHA ESMERALDO CLEMENTE,</br></br>*Defendants*. | )</br>)</br>)</br>)</br>)</br>)  Case No. 1:24-mj-99</br>)</br>)</br>)</br>)</br>)</br>) |

I, Serena Liss, Special Agent of the Department of Homeland Security, Homeland Security Investigations (HSI), being duly sworn, depose and state the following:

## INTRODUCTION

1. This affidavit is submitted in support of an application for a criminal complaint charging JESSICA CLEMENCIO MORAIS and NYHA ESMERALDO CLEMENTE with unlawfully, knowingly, and intentionally combining, conspiring, confederating, and agreeing with others, known and unknown, to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

3. I am a Special Agent with the U.S. Homeland Security Investigations (HSI), and I have been so employed since 2022. I am currently assigned to the Office of the Special Agent in Charge, Washington, DC/Northern Virginia. I have attended and graduated the Federal Law

Enforcement Training Center's (FLETC) Criminal Investigator Training Program (CITP), as well as the HSI Special Agent Training (HSISAT) course. Since December of 2022, I have been assigned to the Dulles International Airport (IAD) Border Enforcement Security Task Force (BEST), where my duties and responsibilities include the investigation of federal narcotics offenses. As part of my training, I have received instruction on the conduct of narcotics investigations, recognition of controlled substances, as well as measures taken by criminal groups to conceal, smuggle, transport, and distribute such controlled substances. In my experience investigating narcotics offenses, I have employed and am familiar with investigative techniques including but not limited to, the execution of search warrants, physical surveillance, the use of cooperating sources, mail covers, examination of digital media and electronic devices, examination and recognition of travel patterns consistent with drug trafficking, and analysis of financial documents. Based on my training and experience, I am familiar with the methods used by drug traffickers to communicate with each other and operate their illegal networks.

4. The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other law enforcement officers. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation. Furthermore, any statements excerpted or summarized from recorded conversations, including those that are quoted, are subject to further revision for clarification and/or accuracy.

5. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known

to the government regarding the investigation.

## PROBABLE CAUSE

6.      On March 12, 2024, MORAIS and CLEMENTE arrived at Washington Dulles International Airport (IAD), in Loudoun County, Virginia, within the Eastern District of Virginia, on Flight UA1635, intending to travel outbound to Lisbon, Portugal on Flight UA942.

7.      Pursuant to their border search authority, U.S. Customs and Border Protection (CBP) officers removed MORAIS and CLEMENTE's baggage from UA942 and escorted MORAIS and CLEMENTE into the CBP secondary inspection area to search their baggage and persons for contraband. During the secondary inspection, CBP officers observed numerous sealed rectangular packages in grey plastic covering in one of MORAIS's suitcases. Each package contained a powdery white substance, which field-tested positive for cocaine. The approximate gross weight of the cocaine was 22.5 kilograms.

8.      Your affiant responded to IAD and conducted an interview of MORAIS and CLEMENTE. Both MORAIS and CLEMENTE are Portuguese citizens, but regularly reside in London. Both MORAIS and CLEMENTE speak English and indicated that they understood English. MORAIS was escorted to an interview room in the CBP secondary area. After being advised of her *Miranda* rights, MORAIS agreed to speak with HSI agents. The interview was audio recorded. During the interview, MORAIS initially denied knowledge of any illegal activity, but ultimately made admissions demonstrating knowledge that she was transporting some form of narcotics to be used for distribution. MORAIS stated CLEMENTE also knew about the transportation, and that they traveled together to bring the bag from the United States to Portugal.

9.      CLEMENTE was then escorted to an interview room in the CBP secondary area. CLEMENTE was advised of her *Miranda* rights and also agreed to speak with HSI agents. The interview was audio recorded. CLEMENTE stated that she and MORAIS were traveling together from the United States to transport the bag of narcotics to Portugal. CLEMENTE stated she believed the bag contained cocaine, and that it would be used for distribution.

## CONCLUSION

29.     Based upon the foregoing and my training and experience, there is probable cause to believe that on or about March 12, 2024, within the Eastern District of Virginia, **JESSICA CLEMENCIO MORAIS** and **NYHA ESMERALDO CLEMENTE** unlawfully, knowingly, and intentionally conspired to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Respectfully submitted,

Serena Liss
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by telephone on March 13, 2024:

Hon. William E. Fitzpatrick
United States Magistrate Judge
Alexandria, Virginia

4